# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff's,<br><br>v.<br><br>RONALD L. HARKERLOAD and<br>COLLEEN M. HARKERLOAD,<br><br>    Defendants. | Civil No. 3:17-CV-01364<br><br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Plaintiff United States of America's ("Plaintiff" or "United States") motion for default judgment against Defendants Ronald L. and Colleen M. Harkerload ("Defendants" or "Harkerloads"). (Doc. 12). This mortgage foreclosure action centers around the Harkerloads' default on a promissory note and mortgage executed in favor of the United States. Because the Harkerloads have failed to participate in this case, and for the reasons explained in this memorandum opinion, the court grants Plaintiff's motion for default judgment, and enters default judgment against the Harkerloads in the amount of $157, 629.87, plus interest of $15.82 running daily from March 3, 2017.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 4, 2017, the United States, on behalf of its Agency, the Rural Housing Service, initiated this mortgage foreclosure action against the Harkerloads to collect money owed from a loan. The Harkerloads used the loan proceeds to purchase property, which was secured by a mortgage in favor of the United States. (Doc. 1). The complaint alleges specifically that the United States loaned the Harkerloads $94,000 to purchase a property at 7821 Route 549, Millerton, Pennsylvania ("the property") under Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq.*, which generally authorizes such loans to rural landowners. (Doc. 1 ¶¶ 3, 7). In October 2001, the Harkerloads executed and delivered both a promissory note for this loan, Doc. 2-1 Ex. A, and a duly recorded mortgage for the property, Doc. 2-2 Ex. B. (Doc. 1 ¶¶ 4-6). The United States has not assigned the promissory note or mortgage and remains the holder and owner of both. (*Id.* ¶ 6).

The Harkerloads proceeded to default on the promissory note and mortgage by failing to: "pay installments of principal and interest when due, . . . pay real estate taxes when due, and . . . maintain the security of the property." (*Id.* ¶ 8). Following this default, the United States mailed the Harkerloads a notice of their

intention to foreclose on the property and declared the entire outstanding debt due. (*Id.* ¶ 11; Doc. 2-4 Ex. D). The United States also informed the Harkerloads of their right to an administrative hearing on the issue. (*See* Doc. 2-4 Ex. D).

The United States now seeks to collect the entire amount of the outstanding debt, including accrued fees, and to foreclose on the property to satisfy the debt. (Doc. 1). The United States declares the following amount due:

PRINCIPAL BALANCE

| | |
|---|---|
| Interest from 4/12/2013 to 3/03/2017 at 6.8750% | $83,990.85 |
| Interest Recapture | $22,480.68 |
| Late Charges | $284.75 |
| | $145,338.86 |
| Escrow/Impound Required | +$53.50 |
| Fees Required with Payoff Funds | +$1,142.62 |
| Fees Currently Assessed | +11,094.89 |
| | $157,629.87 |

(Doc. 1 ¶ 10). The United States also seek a daily interest rate of $15.82 accruing from March 3, 2017. (Doc. 13 at 1).[1]

Summons were issued to the Harkerloads at the addresses provided by the United States on August 4, 2017, the same day as the complaint, Doc. 3, but no return of service was filed with the court at that time. The case was subsequently

---

1 The court notes that because this document has no CM/ECF header, the numbering corresponds to the sequential ordering of the pages in the document.

stayed, by the request of the United States, on August 7, 2017, pending the Harkerloads' bankruptcy. (*See* Doc. 6). On October 24, 2019, after the bankruptcy proceedings were completed, the stay was lifted and the case was reopened. (Doc. 8). Upon reopening of the case, on November 1, 2019, the United States proceeded to file returns of service for both of the Harkerloads. (Docs. 9-10).

On November 26, 2019, 25 days after the Harkerloads were properly served, and with no response filed, the United States requested entry of default, and filed a proof of service. (Docs. 11, 11-1). On the same day, the United States filed the instant motion for default judgment, with a proof of service, and brief in support as well as an affidavit of non-military service as to the Harkerloads and an affidavit in support of the motion and damages sought. (Docs. 12-14). On March 17, 2020, the clerk of court entered default against both Defendants. (Doc. 15). As Defendants have not yet responded in this case, the motion for default judgment is ripe for disposition.

## JURISDICTION AND VENUE

Jurisdiction in this case arises under 28 U.S.C. § 1345, which grants district courts original jurisdiction over "all civil actions, suits or proceedings commenced

by the United States, or by any agency or officer thereof expressly authorized by Act of Congress." *See United States v. Tyler*, 528 Fed.Appx. 193 (3d Cir. 2013). Courts in this district routinely interpret this statute as grounds for jurisdiction in foreclosure actions brought by the United States. *See, e.g.*, *United States v. Hosfelt*, 2011 WL 5325612 (M.D. Pa 2011); *United States v. Jones-Williams*, 870 F.Supp. 90 (M.D. Pa. 1993); *United States v. Mikolatis*, 682 F.Supp. 798 (M.D. Pa. 1988). Because the property is situated in and the Defendants are residents of this district, *see* Docs. 1, 9-10, venue is proper in this district. *See United States v. Parente*, 2019 WL 4962976, at *2 (M.D. Pa. 2019).

**STANDARD OF REVIEW**

A clerk of court must enter default against a party when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed R. Civ. P. 55(a). If the claim is for a "sum certain," then the party "*may* apply" directly to the clerk of court for the subsequent entry of default judgment. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F.Supp.3d 261, 270 n. 5 (E.D. Pa. 2014) (emphasis added); *see also* Fed. R. Civ. P. 55(b). If a claim is not for a "sum certain," then the "party must [, following entry of default,] apply to the court for a default judgment." Fed R.

Civ. P. 55(b). The decision to enter a default judgment "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

In considering the entry of default judgment, the court must determine whether: (1) the plaintiff will be prejudiced if default is denied; (2) the defendant appears to have a litigable defense; and (3) the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,5180.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The court must also consider "whether the 'unchallenged facts constitute a legitimate cause of action.'" *United States v. Kline*, 2019 WL 1354150, at *2 (M.D. Pa. 2019) (quoting 10 A., C., Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 (3d ed. 2007)). The court does this by examining the well-pleaded factual allegations of the complaint and asking whether, if true, those allegations constitute a legitimate cause of action. *Id*.

Once a default judgment is entered against a defendant, however, while the factual allegations in the complaint are treated as proven, contentions relating to damages must be properly supported. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142,

1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983)). Otherwise stated, although "[d]efaults are treated as admission of the facts alleged, . . . a plaintiff may still be required to prove that he or she is entitled to the damages sought." *Rainey v. Diamond Store Port Corp.*, 354 Fed.Appx. 722, 724 (3d Cir. 2009).

## DISCUSSION

### A. Plaintiff is entitled to default judgment

Examining the *Chamberlain* factors, the first question is whether the plaintiff may be prejudiced if a default judgment is denied. *Chamberlain*, 210 F.3d at 164. The Harkerloads were properly served with the complaint, through their son, as indicated by the return of service on November 1, 2019, Docs. 9-10, and have not participated in this action. No counsel has appeared for the Harkerloads and there has been no response to the United States' motions seeking entry of default and default judgment, which were also properly served, *see* Docs. 11-1, 12-1. It has been a considerable amount of time since this case was first filed in 2017, and any further delay could impair the United States' ability to pursue this claim. *See Ricky Lee Bugg, Jr. v. Just Wing It, LLC,* 2020 WL 1675953, at *4 (M.D. Pa. 2020) ("Bugg") (collecting cases).

The second question is whether the defendant appears to have a meritorious defense. *Chamberlain*, 210 F.3d at 164. "'A meritorious defense is one which, if established at trial, would completely bar plaintiff's recovery.'" *Bugg*, 2020 WL 1675953, at *5 (quoting *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 606 (E.D. Pa. 2009)); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195. "Where a party fails to respond to the claims against it, this factor weighs in favor of granting default against the party." *Id.* Given the Harkerloads' failure to respond to the claim and the overwhelming evidence against them, it is highly unlikely that there is a meritorious defense to their mortgage and promissory note default.

The final question is whether the defendant's delay is due to culpable conduct. *Chamberlain,* 210 F.3d at 164. "In this context, culpable conduct means actions taken willfully or in bad faith, and such bad faith may be presumed where a defendant fails to respond to a complaint and offers no reason for its failure to engage in the action." *Bugg*, 2020 WL 1675953, at *5 (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Defendants here have halted the adversary process through no fault of the United States, which has diligently pursued this claim through the proper procedural steps and has given

Defendants every opportunity to meaningfully respond and defend themselves. *Id*. As such, the last factor weighs in favor of the United States. The court finds that all three *Chamberlain* factors are met.

Finally, upon review of the record, including the complaint, attached exhibits, the instant motion and supporting brief, and affidavits attesting to the veracity of the same, the court finds that the entry of default judgment against Defendants and in favor of the Plaintiff is appropriate. Just as in *Kline*, "[the] Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for mortgage foreclosure, as Plaintiff has shown 'the existence of an obligation secured by a mortgage, and a default on that obligation.'" 2019 WL 1354150, at *2 (quoting *United States v. Sourbeer*, 2016 WL 5373641, at *1 (M.D. Pa. 2016)). The United States has adequately alleged facts which support the existence of a monetary obligation by the Harkerloads, secured by a promissory note and a mortgage, to the United States as well as facts which support the conclusion that the Harkerloads defaulted on that obligation. *See United States v. Carey*, 2019 WL 2521225, at *2 (M.D. Pa. 2019). The court will accordingly enter default judgment in favor of the United States.

## B. Determination of damages

Because the court has concluded that the United States has shown that it is entitled to default judgment, and because the court does not take the United States' allegations involving damages as true, the court will proceed to make its own determination of a reasonable calculation of damages by examining the evidence submitted. *See Rainey*, 354 Fed.Appx. at 724. While the court may conduct a hearing or pursue other means to determine these damages, *see* Fed. R. Civ. P. 55(b)(2), such means are "not necessary . . . where the United States seeks a foreclosure of [a] promissory note and mortgage [and the] amount is a sum certain that has been adequately supported by the evidence of record." *Carey*, 2019 WL 2521225, at *4 (M.D. Pa. 2019); *see also Kline*, 2019 WL 1354150, at *2 (M.D. Pa. 2019); *Sourbeer*, 2016 WL 5373641, at *2; *United States v. Roe*, 2019 WL 2504090, at *3 (M.D. Pa. 2019).

Consistent with this standard, after reviewing the evidence submitted in this case, including the promissory note, mortgage, notice of intention to foreclose, and affidavits accompanying the motion, it is clear that the United States' claim for $157,629.82, as well as the claim for daily interest of $15.82 running from March 3, 2017, is adequately supported.

## Conclusion

For the foregoing reasons, the court will grant Plaintiff's motion for default judgment, and enter judgment against the Defendants in the amount of $157,629.87, plus daily interest of $15.82 running from March 3, 2017. An appropriate order will issue.

                                                   s/ Jennifer P. Wilson
                                                   JENNIFER P. WILSON
                                                   United States District Court Judge
                                                   Middle District of Pennsylvania

Dated: April 13, 2020